# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANDRE L. GORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:15-CV-161 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Andre L. Gorman, a *pro se* prisoner, on April 13, 2015 (DE #1). Here, Gorman challenges a disciplinary determination made by a hearing officer at the Westville Correctional Center ("Westville") under case number WCC 14-11-0485. For the reasons set forth below, the court **DENIES** the petition (DE #1). The clerk is **DIRECTED** to close this case.

BACKGROUND

On November 24, 2014, Sgt. Johnson prepared a conduct report charging Gorman with assault. (DE #1 at 7.) The conduct report stated as follows:

> Approx. 1245 p.m. Officer Collins-Dawson observed Hagerty, Jason R. #246438 with a bloody towel on his face. After investigation,

> I Sgt. Johnson found out Gorman #904846 struck
> Hagerty. On the way to the door to walk Gorman
> out of the holding cell, Gorman admitted he
> strucked [sic] Hagerty in his mother-fuckin I
> guest [sic] you got what you wanted. It's been
> your objective to get me moved you got what
> you want.

(*Id.*)

In addition, the confidential case file was submitted under seal. (DE #14.) An incident report form was included in the file, which provides additional details. (*Id.* at 4.) It states that Officer Collins-Dawson saw Offender Hagerty holding a bloody towel on his face and she followed him into the bathroom where she saw a cut on his nose and a bruised right eye. (*Id.*) Sgt. Johnson observed Gorman trying to hide a blood-stained bandage that was wrapped around his hand. (*Id.*)

On November 26, 2014, Gorman was notified of the charge. (DE #12-2.) The screening report reflects that he pled not guilty, requested a lay advocate, requested witnesses Nurse Cortelyou to validate his injuries, Ms. Sneed to validate his mental illness and Officer Miller to say that Gorman had injuries, and video evidence to show that Hagerty was the aggressor. (*Id.*)

Offender DeWayne Barner acted as Gorman's lay advocate. Nurse Cortelyou provided a statement that confirmed Gorman had a hematoma on his forehead and had some hair pulled out. (DE #12-4.) Ms. Sneed stated that Gorman's diagnosed mental condition did not justify the incident. (DE #12-5.) Officer Miller stated that he did notice that

Gorman had a bump on his head and hair pulled out following the altercation. (DE #12-6.) The hearing officer reviewed the video from the place and time noted on the incident report form and observed:

> an altercation between the offenders in the hallway at 1:28 p.m. on 11/23/14. The offenders then go into an area that can not be observed on camera. Offender Hagerty comes back into view at 1:32 pm heading down the hallway towards the area out of camera view. Offender Gorman leaves with the officer at 1:38 pm heading towards the dayroom.

(DE #12-9.)

On December 3, 2014, a hearing officer conducted a disciplinary hearing and found Gorman guilty of the charge of assault. (DE #12-10.) At the hearing, Gorman's comment was, "I had to go to medical. *Submitted written statement. The incident took place on D2E. I felt compelled to stand up for that guy. I was defending myself." (DE #12-10.) Gorman's written statement explained that he was just defending himself. (DE 12-#11.) Relying on staff reports, witness statements, video review, photographs, and the confidential incident report, the hearing officer imposed a penalty of 120 days lost earned time credits and demoted him from credit class 1 to credit class 2. (*Id.*) Gorman appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE #12-13.)

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Gorman raises four claims in his petition: (1) the conduct report listed the wrong time and place of the incident; (2) the hearing officer denied him a fair hearing by not following the IDOC's policy regarding offenders with mental illness; (3) he was denied an impartial hearing officer; and (4) the sanctions are unconstitutional.

First, Gorman argues that the conduct report listed the wrong time and date. Gorman argues that these errors were not corrected, as required by IDOC policy. However, even if internal rules or policies were violated, this would not entitle Gorman to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S.

4

Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). Notably, there is no constitutional deficiency in the Report of Conduct as it put Gorman on notice of the charge against him. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). In addition, the record demonstrates that the hearing officer was aware of the errors, as evidenced by his video review of the correct time and place. (DE #12-9.)

Second, Gorman contends that the hearing officer denied him a fair investigation by not following IDOC policy regarding offenders with mental illnesses. However, again, violations of IDOC policies are not cognizable in federal habeas corpus proceedings. *Estelle*, 502 U.S. at 67-68. Moreover, there is nothing in the record to establish that Gorman's mental health issues played any role in this incident nor did it violate Gorman's due process associated with the hearing. The staff was aware of Gorman's mental illness diagnosis, but there is no evidence that the diagnosis justified the incident.

Third, Gorman complains that he was denied an impartial hearing officer. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342

F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

Here, Gorman does not clearly explain why he believes the hearing officer was biased, but there is no indication that he was involved in any way in the events underlying the charge. He appears to believe the hearing officer was partial because the officer refused to credit his version of events. But adverse rulings alone do not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Gorman complains that the hearing officer relied on confidential information and also that the hearing officer did not explain why that information was confidential. However, the officer was not required to. "Prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White v. Indian Parole Board*, 266 F.3d 759, 767 (7th Cir. 2001).

Finally, Gorman contends that the sanctions imposed were unconstitutional because they prevented him from completing a court ordered substance abuse treatment program, resulting in a contempt finding and a transfer to a "more aggressive complex" inside the institution. However, this ground lacks merit because federal

habeas relief is available only as to sanctions that subject an inmate to "custody." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). The only deprivations of earned credit time and reduction of credit class affect Gorman's custody. Upon review, the 120 day loss of good time credit and one-grade reduction in credit class is permitted for a Class A offense. (DE #12-14.) There is nothing unconstitutional about either sanction.

As a final matter, it must be pointed out that there is ample evidence to support the hearing officer's determination. The conduct report written by Sgt. Taylor recounted that Gorman admitting striking Hagerty. This is sufficient evidence by itself. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). In addition, the confidential case file and video review demonstrate that it is undisputed that an altercation took place between Hagerty and Gorman, but it was unclear who was the aggressor. Gorman makes much of the fact that he claims he acted in self-defense. However, "inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. As such, the [DHB] was under no constitutional obligation to allow [the] claim that he was merely defending himself to serve as a complete defense to the charge . . .." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (citation

omitted). Thus, his self defense argument is not a basis for habeas corpus relief.

Not only is there sufficient evidence to find Gorman guilty of the charged offense, but there has been no showing that he was deprived any due process along the way.  Based on the record, there is sufficient evidence to find Gorman guilty of assault, and Gorman has not made a showing that his due process rights have been violated.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition (DE #1). The clerk is **DIRECTED** to close this case.


**DATED: August 24, 2016**          /s/ RUDY LOZANO, Judge
                                    **United States District Court**